(22 Misc. Rep. 454.)

### MOUNT v. HAMBLEY et al.

(Supreme Court, Special Term, Jefferson County. January, 1898.)

DEED—CONSTRUCTION.

  A part of two lots was conveyed by a deed, under which plaintiff deraigned title, "saving and excepting therefrom" 15 feet square "as a way to" the grantor's cellar. The adjoining property, including the store to which the cellar pertained, was conveyed by the same grantor to a remote grantor of defendants, by a deed including the right of way as mentioned in the first deed, and the plot was used by defendant and his predecessors as a way to the cellar, and who later erected thereon a two-story structure. Plaintiff and his grantors did not use or attempt to use the plot in any way. *Held,* that the clause in the deed should be considered as an "exception," by which no right in the plot was granted to plaintiff, and not as a "reservation" by the grantor simply of a right of way.

Bill in equity by Hiram Mount against Robert H. Hambley and others to determine the rights of the parties to a certain piece of land. Dismissed.

Wayland F. Ford, for plaintiff.

Elon R. Brown, for defendants.

McLENNAN, J. One Thomas M. Reade was at the time of his death the owner and in possession of a certain tract of land situate in the village of Clayton, Jefferson county, N. Y. Prior to November 2, 1865, said Reade died, leaving a last will and testament, by which, among other things, he appointed Rachel Reade and Joseph W. Reade his executors, and gave them full power and authority to sell and convey the premises now owned by plaintiff and defendants. A portion of such premises was occupied by a brick store known as "Reade's Store." By deed dated November 2, 1865, said executors conveyed a portion of said premises to one John M. Cline, which is the conveyance under which the plaintiff acquired all the right, title, and interest which he has in and to the premises in question. The premises conveyed to said John M. Cline were described as follows, viz.:

"All that tract or parcel of land lying and being on James street, in the village of Clayton, Jefferson county, N. Y., and being parts of village lots numbers 17 and 18, as surveyed by Clark W. Candee, and lying alongside and adjoining land contracted to Edward Ryan; being thirty feet on James street, and extending back the same width sixty feet; the lot being thirty by sixty feet, and being all the lands lying between the said Ryan lot and said Reade's brick store. Saving and excepting therefrom fifteen feet by fifteen feet on the northeasterly corner of said lot, reserved as a way to Reade's cellar."

Thereafter, and on the 17th day of February, 1869, by a good and sufficient deed, the said executors conveyed to one Alonzo Kring the other portion of the premises, and under that conveyance the defendant acquired all the right, title, and interest which he has in the premises in question. The description in the deed to Kring was as follows:

"All that piece or parcel of land situate in the village of Clayton, county of Jefferson, state of New York, bounded as follows: On the southwest by James street, on the northwest by Water street, on the northeast by a way twelve feet wide reserved for that purpose, and on the southeast by premises contracted to James W. and Samuel R. Thomson by Thomas M. Reade, March 23, 1869. Together with a plot of ground, fifteen feet by fifteen feet, adjoining the northeast corner of these premises, and reserved from the northerly corner of the lot contracted to said Thomson, for a cellarway for the store on the premises hereby conveyed. Together with a right of way," etc.

The 15 feet square last mentioned, it is conceded, is the same 15 feet square mentioned in the deed under which plaintiff claims. At the time the two deeds in question were made by the executors of Thomas M. Reade as aforesaid, the plot of ground 15 feet square, referred to in each deed, was used for a cellarway leading to Reade's store, and continued to be so used, to some extent, at least, down to the time of the trial. The premises were covered by a shed or low building, and were also used by defendant and his grantors for a storage room, coal room, and closet, and were not

used for any purpose by the plaintiff or his grantors under claim of title. Before the commencement of this action the defendant claimed the exclusive right of possession of said plot of ground, and declared his intention of erecting thereon a substantial two-story building, to be used for any purpose which he might choose. The plaintiff contends that the defendant has no right to use or occupy the plot of land in question for any other purpose than as a cellarway to his store (formerly Reade's store), and that he has no right to erect any building or structure thereon which will interfere with plaintiff's light or air, and he seeks an injunction so restricting the defendant in the use of said premises.

Whether or not the plaintiff is entitled to the relief demanded depends upon whether the words of limitation contained in his deed, viz. "saving and excepting therefrom fifteen feet by fifteen feet from the northeast corner of said lot reserved as a way to Reade's cellar," constitute an exception or a reservation. If an exception, then the plaintiff took no title to the plot of ground in question, and acquired no right or interest therein. If a reservation, the plaintiff, by the grant in question, acquired the fee to the land, and all the right and interest of the grantor in and to the same, subject only to "a way to Reade's cellar." The fact that one or the other of the words, "exception" or "reservation," may have been used in the conveyance, is not conclusive, but all the words of the grant must be considered, and, if their meaning is uncertain or ambiguous, then all the circumstances surrounding the transaction, in order that it may be ascertained whether the grantor parted with the title, but retained to himself some right or interest in the thing granted, in which case there would be a reservation, or whether the grantor retained to himself a part of the premises described as granted, which would constitute an exception. "Reservation" and "exception," as applied to grants of land, were clearly defined in the case of Craig v. Wells, 11 N. Y. 315, per Selden, J.:

"Reservation is always of something taken back out of that which is already granted, while an exception is of some part of the estate not granted at all. * * * A reservation is never of any part of the estate itself, but of something issuing out of it, as, for instance, rent, or some right to be exercised in relation to the estate, as to cut timber upon it. An exception, on the other hand, must be a part of the thing granted, or described as granted, and can be of nothing else."

This definition was approved in the case of Blackman v. Striker, 142 N. Y. 555, 37 N. E. 484.

The case of Craig v. Wells, supra, cites with approval the following definition by Sheppard:

"A reservation is a clause in a deed whereby the grantor doth reserve some new thing to himself out of that which he granted before. This doth differ from an exception, which is ever part of the thing granted, and of a thing in esse at the time; but this is of a thing newly created, or reserved out of a thing demised, that was not in esse before." Shep. Touch. 80.

The test is whether or not the thing was granted or conveyed at all, although embraced in the general description. If not, then clearly it is an exception; but if the thing be granted, and some

right or interest therein is reserved, then it is a reservation. The words in plaintiff's grant are, "Saving and excepting therefrom" a piece of land fifteen feet square. If there was nothing more, it would concededly have been an exception, and no title to or interest in that plot of ground would have passed. But there follows these words, "Reserved as a way to Reade's cellar;" and, as before said, it is claimed that those words, taken in connection with the exception, constitute a reservation, and that the grantor acquired the fee to the plot of ground, subject only to an easement of a way to Reade's cellar. It will be remembered that the grantors were the owners of Reade's store at the time plaintiff's original deed was made, and that the words of limitation in the deed were for their benefit; and it appears that they afterwards conveyed the premises known as "Reade's Store," and the plot of ground in question, to the defendant's grantor.

In the case of Bridger v. Pierson, 45 N. Y. 601, it appeared that the defendant conveyed to the plaintiff, by deed, 54 acres of land, which land was described by metes and bounds, and then followed the words:

"Reserving, also, a right of way as now used on the west side of the above-described premises, for cattle and carriages, from the public highway to the piece of land now owned by Samuel B. Reeves, lying north of and adjoining the piece of land here conveyed."

It was held, per Grover, J., that this was an exception from the grant of the right of way used, and that the grantee in that deed acquired no right, title, interest, or easement in or to the lands included in or covered by such way.

In the case of Mayor, etc., v. New York Cent. & H. R. R. Co., 69 Hun, 325, 23 N. Y. Supp. 564, the headnote is as follows:

"A grantor who states in his deed that he excepts therefrom a certain portion of the land for a certain purpose cannot be held to have conveyed that which he expressly excluded by the deed, because he afterwards devotes it to a different purpose."

In that case the grant was of certain premises, described by metes and bounds, and from the grant was excepted—

"So much of the land embraced within the foregoing description as formed parts or portions of Thirty-Ninth street and Twelfth and Thirteenth avenues, for the uses and purposes of public streets, avenues, and highways."

At page 326, 69 Hun, and at page 564, 23 N. Y. Supp., the court said, per Van Brunt, P. J.:

"But by this grant there was expressly excepted the soil embraced within the limits of the streets shown upon the map annexed to the conveyance. It is true that in the conveyance it was stated that such exception was made for the uses and purposes of public streets, avenues, and highways. But it is entirely immaterial for what purpose the exception was made, if the land in question was not included in the grant, as clearly it was not. A grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose cannot be held to have conveyed that which he has expressly excluded because he afterwards devotes it to a different purpose. The land in question was not included in the grant, and therefore no title passed."

In Munn v. Worrall, 53 N. Y. 44, it appeared that the original grantor, Francis R. Tillou, conveyed certain lands described by metes and bounds—

"But saving and excepting from the premises hereby conveyed all and so much and such part and parts thereof as has or have been lawfully taken for a public road or roads."

### The court said, per Rapallo, J.:

"After a careful consideration of the language of the exception, and of the authorities cited by the learned counsel for the respondent in support of his interpretation of it, we are of opinion that the exception was of the land, and that it cannot be confined to the easement without doing violence to the language used. The exception does not purport to be of any particular estate or interest in the land, but is, in terms, of a certain part and parcel of the premises embraced within the boundaries set forth in the deed. It is not an exception from the estate of the grantor, but from the premises, and specifies the portion excepted. For the purpose of identifying the excepted parcel, it is described as that part of the premises which has been lawfully taken for a public road."

### Continuing, the court said:

"None of the cases cited present the feature, which exists in the present case, of an exception from the premises described of a specific portion of such premises. * * * The word 'premises,' we think, clearly means, in the connection in which it is used, the tract of land described in the deed, and not the estate or interest of the grantor; and the exception was of a portion of such premises, and not of an interest therein. By describing the excepted part as that portion which has been lawfully taken for a public road or roads, lands used as private roads, or roads not lawfully established, were excluded from the exception. The purpose of the expression was manifestly to designate with accuracy what portion of the premises was intended to be excepted. * * * We think that the fee therein was excepted from the conveyance, and remained in Tillou, and passed by his subsequent conveyance to the plaintiff."

### It was held in French v. Carhart, 1 N. Y. 96, that:

"Whenever the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into. * * * When the words of a contract are ambiguous, the courts will call in aid the acts done under it, as a clue to the intention of the parties."

That rule has been repeatedly affirmed, and, as claimed by plaintiff's counsel, is applicable to the case at bar.

The case of Blackman v. Striker, 142 N. Y. 555, 37 N. E. 484, was an action which involved the construction of a deed, which, after describing the premises conveyed, by metes and bounds, contains the following clause:

"Saving, excepting, and reserving unto the heirs of said John Hopper, of the Out Ward, deceased, and to their, and each of their, heirs, out of this present demise, all that certain burying ground now in fence, consisting of forty-eight feet square parcel of said lot of ground, and commonly called the 'Family Burying Ground,' with free ingress, egress, and regress into, out of, and from the same, to bury the dead, etc., forever."

In that case it was held that the title to the burying lot passed to the grantee, and that under the circumstances of that case the grantor only reserved an easement in and to the same; but such conclusion was not based upon the words of the deed, but upon all the facts and circumstances surrounding that transaction, the character of the title which the grantor had, the subsequent acts of the parties as indicating their intention or understanding as to their respective rights, the character of the premises, etc.; and

50 N.Y.S.—52

the court said, per O'Brien, J., at page 563, 142 N. Y., and at page 486, 37 N. E.:

"There is no reason to believe that the parties to the deed intended that the grantor should retain any beneficial interest in the soil of the burying-ground plot. Matthew [the grantor] was bound to reserve the right of burial for the heirs when he sold the parcel. He was not bound to retain anything more, and the reasonable construction to be placed upon the words of the grant is that they were employed to limit the estate, in the same way as it was held by the grantor. He intended to convey all he had, and the grantee intended to acquire no less. This intention was not expressed in clear or accurate language, but as it is apparent from the nature of the transaction and from the circumstances, words and phrases used without a clear perception of their true meaning must yield to what appears to be the intention. If we look at the conduct of the parties after the execution of the deed, this view is confirmed. More than a century has passed since the conveyance, and it does not appear that Matthew or any of his descendants made claim to any beneficial interest in the property, while John Hopper, the grantee, and his descendants, evidently supposed that they owned the fee, subject only to an easement for the burial of the dead. In a case like this, where the defendant in possession has made valuable and expensive improvements upon the property on the faith of a title more than a hundred years old, the plaintiff is bound to make out a clear case. He cannot rest upon the words of the deed alone. A court must be fairly convinced from the language, read in the light of all the surrounding circumstances, that Matthew Hopper intended to retain in himself the fee of the burying ground, and that the beneficial interest so retained has vested in the plaintiff. A careful consideration of the whole case has not enabled us to reach that conclusion, but, on the contrary, * * * we think he has failed to show any legal title to the property."

It is apparent that the learned court would have held in that case, if only the language of the deed had been considered, that the title to the burying lot did not pass to the grantee of Matthew Hopper; but it was held that all the circumstances clearly indicated that it was the intention of the parties that the title should pass to the grantee, and that only the right of burial in the plot of ground should be retained by the grantor. In the case at bar there are no circumstances to indicate such intention. On the contrary, it appears that, within three years after the grant under which plaintiff claims was made, the grantors conveyed this plot of ground 15 feet square, and the brick store, for a good and valuable consideration, to the defendants' grantor; that under that grant such grantor immediately went into possession of the premises; and that he and his grantees used the same, not only as a way to the store cellar, but covered it with a shed, which at first was used for storage purposes, and later erected a two-story structure upon it, which was used for water-closets for the first and second floors, and, so far as appears, used it precisely as if they owned it and had the fee to the same. The plaintiff or his grantees, upon the other hand, have not used or attempted to use the premises in question, or at least in such a way as to in any manner interfere with its use by the defendants or their grantees. I have carefully examined the numerous authorities cited by plaintiff's counsel, but have been unable to discover any case in which it has been held that words similar to those used in the deed in question were sufficient to create a reservation of an easement, unless the acts of the parties or the surrounding circumstances were such as to clearly

indicate that such was the intention of the parties. No such intention is indicated by the evidence in the case. It follows that the plaintiff's complaint should be dismissed, with costs. Judgment is ordered accordingly.

Judgment accordingly.